## WILLIAM KRAMMER, RESPONDENT, v. TOWNSHIP OF CLEMENTON, APPELLANT.

Submitted July 5, 1917—Decided November 8, 1917.

The liability of certain townships for damages due to injury resulting from non-repair of public roads, as created by the supplement of 1859 to the Road act (*Comp. Stat., p.* 4447, *pl.* 66a 1 *et seq.*), is not limited to injuries incurred within the "formed" strip provided for by section 8 of that supplement, but relates to all that their overseers, by section 21 of the Road act of 1846, now section 38 (*Comp. Stat., p.* 4439), are required to maintain and keep in repair.

On appeal from the Camden Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the appellant, *Lewis Starr.*

For the respondent, *Wescott & Weaver* and *William F. Kelly.*

The opinion of the court was delivered by

PARKER, J. This was a suit against a township for damages due, as the plaintiff claimed, to his stepping into a hole in the road made by a washout. The right of action depends on the supplement of 1859 to the Road act of 1846. *Pamph. L.* 1859, *p.* 526; *Rev.* 1877, *p.* 1014; *Comp. Stat., p.* 4447 *et seq.* The act seems to have been restricted in operation to certain parts of the state. *Comp. Stat., p.* 4452, *pl.* 66a 21 and notes. Section 20 of the act gives an action for damage to any person or persons, his, her or their team, carriage or other property by reason of the insufficiency or want of repairs of any public road in any of the townships of this state, subject to the territorial restriction already mentioned. It is

not denied that the locality where plaintiff was injured is within the act.

Plaintiff had a verdict and judgment, and defendant appeals. His counsel argue that the weight of evidence is that the hole in question was within the sidewalk line, but on an appeal at law we are not empowered to weigh the evidence. There was some evidence that the hole was in the road, and the jury having evidently so found, their finding stands. The court charged as requested that if the hole was within the sidewalk line, plaintiff could not recover. See *Dupuy* v. *Union*, 46 *N. J. L.* 269. As there was evidence to sustain the finding of the jury, there could not have been a nonsuit or a direction.

It is further argued that the hole was outside the twenty-five-foot limit to which, by section 8 of the act of 1859 (*Comp. Stat., pp.* 4448, 4449), the road is to be "formed," and that for this reason plaintiff should not have his action. This argument proceeds necessarily on the assumption that there is no duty of repair or maintenance outside of the "formed" strip, for neglect of which the township can be liable. The assumption is not justified; for, as was held in the Dupuy case, *ubi supra,* the twentieth section of the 1859 act applies only to injuries resulting from the neglect of such repairs as are required by the general road law to be made. The act of 1859 is entitled as a supplement to the general road law of 1846; and that law, by the section originally numbered 21, now section 38 (*Comp. Stat., p.* 4439), requires the overseers appointed by the township committee to * * * "repair and keep in good order the highways within their respective limits and divisions" * * * and their duties are not limited to the central strip to be "formed" for the convenience of travel, but extend to the prevention and remedying of unsafe conditions in any part of the roadway, exclusive of sidewalk. Otherwise the overseers might allow deep and dangerous gullies to form at the side of the road, and travelers injured thereby would have no redress. This view disposes of the claim that the judge erred in refusing to charge that if

plaintiff fell into a hole in the gutter and was thereby injured, he could not recover.

The last point made is that there was error in charging that if the jury find that plaintiff was injured in the road outside the sidewalk limits and was free from contributory negligence, the liability of defendant was established. The criticism of this is that it ignores the failure of the defendant to make repairs as a ground of recovery and puts the right of recovery on the existence of a mere condition however caused. But this passage immediately follows, and must be read in connection with, the specific instruction that plaintiff must prove by preponderance of evidence the want of repair of the road, and that such want of repair caused the injury. So read, the charge was plain that plaintiff would be entitled to recover on proving that he was injured in the road outside the sidewalk limit, as a result of want of repair of the road and not because of his own negligence.

The judgment is affirmed.